1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

RENAE McMATH,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

CASE NO. 13-cv-05258 RBL

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: May 2, 2014

17     This matter has been referred to United States Magistrate Judge J. Richard

18 Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20 271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 13, 14, 15, 18).

21     After considering and reviewing the record, the Court finds the ALJ failed to

22 properly evaluate the opinion evidence.  Notably, the ALJ discounted multiple opinions

23 by treating and examining doctors supportive of a disability finding in favor of a non-

24

examining doctor, whose opinion is unsupported by substantial evidence.  Plaintiff's limitations from mental impairments require further evaluation.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, RENAE McMATH, was born in 1960 and was 48 years old on the alleged date of disability onset of April 1, 2009 (*see* Tr. 150-153). At the hearing, plaintiff amended his alleged onset date to January 14, 2010 (Tr. 45, 50). Plaintiff completed high school but has had no further formal training (Tr. 50).   In the 1990's plaintiff worked as a cabinet maker/woodworker (Tr. 64, 160-61).

Plaintiff has at least the severe impairments of "major depressive disorder with psychotic features; post-traumatic stress disorder; lumbar spine degenerative disc disease (20 CFR 416.920(c))" (Tr. 26).

At the time of the hearing, plaintiff was on probation and living in a homeless shelter (*See* Tr. 47, 51, 54).

PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 150-53). The application was denied initially and following reconsideration (*see* Tr. 76-79, 87-92). Plaintiff's requested hearing was held before Administrative Law Judge Robert Kingsley ("the ALJ") on September 29, 2011 (*see* Tr. 39-71). On December 13, 2011, the ALJ

issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 21-38).

On February 8, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (*See* Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in April, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on July 2, 2013 (*see* ECF Nos. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ gave specific and legitimate reasons for rejecting the opinion of Mary Lemberg, M.D.; and (2) Whether or not the ALJ gave legally sufficient reasons for rejecting the opinions of Peter Simon, M.A. (*see* ECF No. 13, p. 1).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

1    In addition, the Court must independently determine whether or not "'the

2    Commissioner's decision is (1) free of legal error and (2) is supported by substantial

3    evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v.

4    Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases));

5    *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d

6    530, 532 (9th Cir. 1985)). In the context of social security appeals, legal errors committed

7    by the ALJ may be considered harmless where the error is irrelevant to the ultimate

8    disability conclusion when considering the record as a whole. *Molina v. Astrue*, 674 F.3d

9    1104, 1117-22 (9th Cir. 2012); *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S.

10   396, 407 (2009).

11

12   <u>DISCUSSION</u>

13   **(1) Whether or not the ALJ gave specific and legitimate reasons for rejecting
     the opinion of examining source Mary Lemberg, M.D.**

14

15   The ALJ rejected the opinion of examining physician, Dr. Lemberg, in favor of the

16   opinion of nonexamining psychologist, Dr. Collingwood regarding plaintiff's mental

17   capacity and limitations (Tr. 32).  An examining physician's opinion is "entitled to

18   greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d

19   821, 830 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. § 404.1527(d).  A non-

20   examining physician's or psychologist's opinion may not constitute substantial evidence

21   by itself sufficient to justify the rejection of an opinion by an examining physician or

22   psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may

23   constitute substantial evidence when it is consistent with other independent evidence in

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

the record." *Tonapetyan v.Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

"In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

Dr. Lemberg examined the plaintiff and completed a mental status examination ("MSE") on January 29, 2010.  (Tr. 232-36).  Dr. Lemberg opined that the plaintiff would have difficulty with social interaction and would not be able to "complete a normal workday or workweek without interruptions from his psychiatric conditions."  *Id.* at 236. Dr. Lemberg further opined that she anticipated the plaintiff "to deal poorly with the usual stress encountered in a competitive work environment."  *Id.*  The ALJ accorded this opinion "limited weight" finding it inconsistent with the totality of the objective medical evidence and inconsistent with the plaintiff's own statements.  (*See* Tr. 32).  Plaintiff argues that these reasons are not specific and legitimate.  The Court agrees.

While the ALJ notes that this opinion is inconsistent with objective medical evidence, the only evidence he points to in support of this conclusion is the opinion of nonexamining source, Dr. Collingwood.  (*See* Tr. 32).  Defendant argues Dr. Collingwood's opinion is consistent with independent evidence, and thus would constitute substantial evidence to reject Dr. Lemberg's opinion.  ECF No.14, Nos. 2-3; *See Tonapetyan*, 242 F.3d at 1149.  The only independent evidence pointed to by defendant is plaintiff's function report, which was completed on November 12, 2009 --

1  two months prior to the plaintiff's amended onset date of January 14, 2010.  ECF No.14,

2  pp. 2, 3; Tr. 24, 173-81.  Many of the statements plaintiff made in the function report

3  actually contradict the conclusions of Dr. Collingwood.  In support of her functional

4  opinion, Dr. Collingwood notes that plaintiff can play chess, however when asked in the

5  function report how often he does this activity plaintiff wrote, "not lately" and went on to

6  explain that chess was an activity he did while incarcerated, which was prior to his onset

7  date.  (Tr. 177, 276).  Dr. Collingwood also notes the plaintiff is able to use public transit,

8  however she fails to discuss his statements regarding his difficulty using the bus

9  including his need to be near the door or in the back so people cannot stand behind him.

10  (Tr. 181, 276.)  Plaintiff also reported needing to get off the bus and walk to his

11  destination if the bus becomes too crowded.  *Id.*  Dr. Collingwood points to no objective

12  evidence in the function report to support her opinion and seems to base it mostly on her

13  assessment of the claimant's credibility.  (Tr. 276.)

14

15  The ALJ fails to cite what portions of the "objective medical record" are

16  inconsistent with Dr. Lemberg's opinion. This Court's independent review of the record

17  fails to reveal any such inconsistencies   Both Dr. Lemberg and the plaintiff's mental

18  health counselor, Mr. Simon, found plaintiff to be unable to complete a normal work day

19  or work week without interruption from psychologically based symptoms.  (Tr. 236,

20  484.)  Further, Dr. Lemberg and Mr. Houle both noted that plaintiff would have difficulty

21  dealing with the usual work place stress.  (Tr. 236, 338.)  Also, opinions from Ms. Simon,

22  Mr. Houle, and Dr. Lemberg all note significant difficulties in social functioning.  (Tr.

23  236, 338, 399, 484.)  According to the Ninth Circuit, "[l]ong-standing principles of

24

administrative law require us to review the ALJ's decision based on the reasoning and

actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit

what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other

citation omitted)).  This Court cannot determine what inconsistent "objective medical

evidence" contradicts Dr. Lemberg's opinion and will not attempt to intuit the same.  The

ALJ failed to support his conclusion that Dr. Lemberg's opinion is inconsistent with the

totality of the medical evidence.

       The ALJ also discredits Dr. Lemberg's opinion finding it to be inconsistent with

the plaintiff's own statements.  (Tr. 32.)  Again, the ALJ fails to specify which statements

are inconsistent with the opinion.  Therefore, the ALJ erred in failing to provide specific

and legitimate reasons for discounting Dr. Lemberg's opinion.

       Defendant argues that the error is harmless because the ALJ incorporated the

opined limitations into the RFC finding.  ECF No. 14, p. 3.  The Ninth Circuit has

"recognized that harmless error principles apply in the Social Security Act context."

*Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner,

Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

The Ninth Circuit noted that "in each case we look at the record as a whole to determine

[if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth

Circuit has "adhered to the general principle that an ALJ's error is harmless where it is

'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v.

Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Dr. Lemberg opined that the plaintiff "would deal poorly with the usual stress encountered in a competitive work environment." (Tr. 236.) Defendant contends the ALJ properly incorporated this into the RFC by finding the plaintiff limited to "jobs that require occasional contact with coworkers and no contact with the public," and "jobs that have few, if any, changes in the work setting." (Tr. 28; ECF No. 14, p. 3-4.) Dr. Lemberg also opined that the plaintiff would be unable to complete a normal workday or workweek without interruption from his psychiatric conditions. (Tr. 236.) Defendant contends that the ALJ properly incorporated this limitation into the RFC by limiting "the encounters that triggered such interruption: namely, interaction with coworkers and the public." (Tr. 28, 236.) There is nothing in the record to support defendant's argument that limiting social interaction would eliminate plaintiff's interruptions from psychological symptoms or that limiting workplace changes would eliminate plaintiff's difficulty tolerating stress. Had this opinion been given weight, the disability determination would change. Thus, the ALJ's error is not harmless.

> **(2)    Whether or not the ALJ gave legally sufficient reasons for rejecting the opinions of Peter Simon, M.A.**

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20

C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources[1], *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Similar to the rationale

---

[1] "Other sources" specifically delineated in the relevant federal regulations also include "educational personnel," *see* 20 C.F.R. § 404.1513(d)(2), and public and private "social welfare agency personnel," *see* 20 C.F.R. § 404.1513(d)(3).

that an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, but may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Smolen, supra,* 80 F.3d at 1284, an ALJ may discredit lay testimony if it conflicts with medical evidence, even though it cannot be rejected as unsupported by the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (An ALJ may discount lay testimony that "conflicts with medical evidence") (*citing Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Baylis v. Barnhart*, 427 F.3d 1244. 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (*citing Lewis, supra*, 236 F.3d at 511); *see also Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 111325 at *21 n.4 (D. Or. 2013) (unpublished opinion) ("*Bruce* stands for the proposition that an ALJ cannot discount lay testimony regarding a claimant's symptoms solely because it is *unsupported* by the medical evidence in the record; it does *not* hold *inconsistency* with the medical evidence is not a germane reason to reject lay testimony") (*citing Bruce, supra*, 557 F.3d at 1116), *adopted by Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 110195 at *2 (D. Or. 2013) (unpublished opinion).

Peter Simon, plaintiff's mental health counselor, offered two opinions regarding plaintiff's functioning, one in January 2011 and one in September 2011. (Tr. 395-403, 483-85.) The ALJ gave little weight to these opinions noting that they were not rendered by an acceptable medical source and finding that they were based on the plaintiff's subjective complaints, which the ALJ found not credible. The ALJ also discredited these opinions finding them inconsistent with each other and with the opinion of Mr. Hulse.

1   Plaintiff argues the ALJ failed to give legally sufficient reasons for discounting these

2   opinions.  The Court agrees.

3         Defendant correctly argues that it would be proper for the ALJ to reject an opinion

4   from an "other source" if based "to a large extent" on unreliable subjective complaints.

5   *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  However, here, the ALJ's

6   conclusion that Mr. Simon "relied extensively" on the plaintiff's subjective complaints is

7   unsupported.   The ALJ points to no evidence in the record to support this conclusion.

8   The plaintiff received mental health counseling with Mr. Simon as frequently as once a

9   week since April 2010.  (Tr. 281-340, 344-80.)  Further, as part of the January 2011

10  opinion Mr. Simon performed a Mental Status Examination that showed abnormalities in

11  several areas.  (Tr. 401-03.)  Mr. Simon also noted that he observed plaintiff's symptoms

12  of anxiety and depression.  (Tr. 398.)  The ALJ's conclusion that Mr. Simon based his

13  opinion in large part on subjective complaints is not supported by substantial evidence.

14

15        The ALJ also rejects these opinions by finding them inconsistent with each other

16  and with the opinion from Mr. Hulse.  (Tr. 32.)  Mr. Hulse opined that the plaintiff would

17  be markedly limited in exercising judgment, relating socially, and tolerating normal work

18  stress and noted that he would be capable of working in a solitary work setting.  (Tr.

19  338.)  Similarly, Mr. Simon found the plaintiff limited in social interaction and tolerating

20  stress.  Mr. Simon did not specifically address plaintiff's functional ability in exercising

21  judgment or working in a solitary work setting, so it is unclear why the ALJ found these

22  opinions to be inconsistent.   (Tr. 399.)

23

24

1    Further, the ALJ's conclusion that Mr. Simon's two opinions are inconsistent

2    appears to be based on his misreading of the record.  ALJ notes that in January 2011, Mr.

3    Simon found that plaintiff was "capable of completing simple tasks *without* support,"

4    finding this inconsistent with the September 2011opinion that plaintiff would have

5    markedly impaired social and occupational functioning for at least 12 months.  (Tr. 32.)

6    Mr. Simon actually stated the plaintiff could complete "simple tasks *with* support,"

7    indicating a more restrictive finding in line with his opinion from September, 2011.  (Tr.

8    399.)

9    The ALJ failed to provide adequate reasons for rejecting the opinions of Mr.

10   Simon.  This error was not harmless because, had Mr. Simon's opinion been credited, a

11   different disability determination would have been warranted.  *See Stout*, 454 F.3d at

12   1056 (reviewing cases).

13                                   CONCLUSION

14   The ALJ failed to provide specific and legitimate reasons for discrediting the

15   opinion of an examining source and failed to provide germane reasons for discrediting

16   the opinions from plaintiff's treatment providers.

17   Based on these reasons, and the relevant record, the undersigned recommends that

18   this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

19   405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be

20   for **PLAINTIFF** and the case should be closed.

21   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

1   Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

2   purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

3   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

4   matter for consideration on May 2, 2014, as noted in the caption.

5        Dated this 9th day of April, 2014.

6

7

8   _____
    J. Richard Creatura
9   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 13